UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARINA MONTERO,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>HYATT CORPORATION, doing business as ANDAZ SAN DIEGO,<br><br>　　　　　　　　　Defendants. | Case No.: 3:21-cv-01431-L-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONTINUE FACT DISCOVERY DEADLINE**<br><br>**[ECF No. 19]** |

  Before the Court is the parties' Joint Motion to Continue the Fact Discovery Deadline. ECF No. 19. The parties seek to continue the fact discovery cutoff by approximately 90 days. *Id.*

  Parties seeking to modify the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 16 at ¶ 20 (operative scheduling order, stating that "[t]he dates and times set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

1

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). A "party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

The deadline to complete fact discovery in this matter is May 31, 2022. ECF No. 16 at ¶ 3. In their joint motion, the parties represent to the Court that they "agree that a continuance of the discovery cut-off from May 31, 2022, to August 31, 2022, would provide sufficient time for the Parties to complete discovery and resolve any outstanding discovery issues." ECF No. 19 at 2 (emphasis omitted). The parties represent that they "have been actively engaged in discovery[, …] have propounded written discovery[, and] have provided substantive responses and [over 80,000] documents." *Id*. at 2–3; ECF No. 19-1 at 2. The parties conceded, however, that "no depositions have been taken[.]" ECF No. 19-1 at 2; ECF No. 19 at 3.

Upon review of the motion, the Court found that the motion lacked specificity regarding the diligence required to establish good cause for a continuance, so it required supplemental briefing. ECF No. 21. The parties' supplemental Joint Statement detailed what discovery remains to be completed. Email to Chambers (May 20, 2022 at 5:16 pm). In their Joint Statement, the parties explained that there is no outstanding written discovery and listed the depositions that they planned to take, noting that only two of them had firm dates set. *Id*. After reviewing the parties' Joint Statement, the Court then held a discovery conference in the matter on May 23, 2022. ECF No. 22.

Upon consideration of the instant motion, declaration, supplemental joint statement, and arguments made during the discovery conference, the Court **GRANTS IN PART** and **DENIES IN PART** the motion as follows:

1. **May 31, 2022** *remains* the deadline for completion of fact discovery, except for the following:

    a. The depositions of Plaintiff, Ms. Bola, Mr. Sullivan, Ms. Valencia, and Mr. Wingerberg must be taken on or before **July 31, 2022**. No further fact discovery will be allowed after the May 31, 2022 deadline without first obtaining leave of Court.

2. All other dates, deadlines, procedures, and requirements set forth in the Court's December 15, 2021 Scheduling Order (ECF No. 16) **remain in place**, except as explicitly modified by this Order.

**IT IS SO ORDERED.**

Dated:  May 23, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge