UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARINA MONTERO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HYATT CORPORATION, doing business as ANDAZ SAN DIEGO,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:21-cv-01431-L-AHG<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE DEPOSITION DEADLINES**<br><br>**[ECF No. 29]** |

  Before the Court is the parties' Joint Motion to Modify the Scheduling Order. ECF No. 29. The parties seek to continue the percipient deposition deadline by approximately 60 days and the expert deposition deadline by approximately 30 days, to September 30, 2022. *Id.*

  Parties seeking to modify the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 16 at ¶ 20 (operative scheduling order, stating that "[t]he dates and times set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the

1 | request").

2 | "Good cause" is a non-rigorous standard that has been construed broadly across
3 | procedural and atutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259
4 | (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to
5 | amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth
6 | Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon
7 | the moving party's reasons for seeking modification. . . . If that party was not diligent, the
8 | inquiry should end.") (internal citation omitted). A "party demonstrates good cause by
9 | acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift
10 | Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19,
11 | 2018).

The deadline to complete the depositions of Plaintiff, Ms. Bola, Mr. Sullivan, Ms. Valencia, and Mr. Wingerberg is July 31, 2022. ECF No. 23 at 3. The deadline for completion of expert discovery is August 29, 2022. ECF No. 16 at 3. In their joint motion, the parties represent to the Court that they "Plaintiff has taken the deposition of Mr. Sullivan and Defendant has taken the deposition of Plaintiff. … Defendant will need another half day to complete Plaintiff's deposition due to the language barrier and delays caused by the translation services. The Parties are working on finding mutually agreeable dates to complete Plaintiff's deposition, and take the depositions of Ms. Bola, Ms. Valencia, and Mr. Wingerberg." ECF No. 29 at 3. The parties represent that they "have agreed to attend a Settlement Conference with the Court to attempt to resolve this case. … [A]llowing for the continuance would permit the Parties to prepare and attend the Settlement Conference, and if the Settlement Conference is unsuccessful, complete the aforementioned depositions. … The Parties also agree to extend the deadline to complete expert depositions to September 30, 2022." *Id*. at 4. The parties reiterated that they "do not seek a continuance of any other pre-trial deadlines." *Id*. Thus, the parties request that the Court extend the deadlines to complete percipient depositions and expert depositions to September 30, 2022. *Id*.

As an initial matter, the parties' motion is deficient. First, the deadline to complete the depositions of Plaintiff, Ms. Bola, Mr. Sullivan, Ms. Valencia, and Mr. Wingerberg is July 31, 2022 (ECF No. 23 at 3), but the instant motion to continue that deadline, among others, was filed on July 27, 2022. ECF No. 29. By filing the motion four days before the date of the affected deadline, the parties failed to follow the Court's Chambers Rules. *See* Chmb.R. at 2 (requiring that "[a]ll requests for continuances must be made by a joint motion no less than <u>seven</u> calendar days before the affected date") (emphasis added).

Second, the parties failed to provide a declaration from counsel, as required by the Court's Chambers Rules. Chmb.R. at 3 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met"). The Court will take the parties at their word without the required declaration, but will not do so again.

Despite the joint motion's shortcomings, upon review of the record, the Court finds good cause to **GRANT** the motion (ECF No. 29) as follows:

1. **May 31, 2022** *remains* the deadline for completion of fact discovery, except for the following:

    a. The depositions of Plaintiff, Ms. Bola, Ms. Valencia, and Mr. Wingerberg must be taken on or before **September 30, 2022**. No further fact discovery will be allowed after the September 30, 2022 deadline without first obtaining leave of Court.

2. **August 29, 2022** *remains* the deadline for completion of expert discovery, except for the following:

    a. Expert depositions must be taken on or before **September 30, 2022**. No further expert discovery will be allowed after the September 30, 2022 deadline without first obtaining leave of Court.

//
//

3. All other dates, deadlines, procedures, and requirements set forth in the Court's December 15, 2021 Scheduling Order (ECF No. 16) **remain in place**, except as explicitly modified by this Order.

**IT IS SO ORDERED.**

Dated:  July 28, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge